# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0719V
UNPUBLISHED

| | |
|---|---|
| GERI MEYER,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: November 4, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria (Td) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On May 16, 2019, Geri Meyer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration which meets the Table definition of SIRVA and was caused in fact by the tetanus diphtheria vaccine she received on September 27, 2017. Petition at 1, ¶¶ 2, 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 23, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 28, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $90,000.00, representing compensation for her pain and suffering. Proffer at 1. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $90,000.00, representing compensation for her pain and suffering in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                            **s/Brian H. Corcoran**
                            Brian H. Corcoran
                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                        )
GERI MEYER,                             )
                                        )
            Petitioner,                 )
                                        )     No. 19-719V (**ECF**)
v.                                      )     Chief Special Master Corcoran
                                        )
SECRETARY OF HEALTH                     )
AND HUMAN SERVICES,                     )
                                        )
            Respondent.                 )
_____)

## **RESPONDENT'S PROFFER ON AWARD OF DAMAGES**

On September 22, 2020, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter alleging a Shoulder Injury Related to Vaccine Administration following a tetanus vaccination.  The following day, the Court entered its Ruling on Entitlement, finding petitioner Geri Meyer entitled to Vaccine Act compensation.  Respondent now proffers that petitioner receive a compensation award consisting of a lump sum of **$90,000.00** in the form of a check payable to petitioner, Geri Meyer.[1]  This amount consists entirely of pain and suffering, and represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[2]

Petitioner agrees with the proffered award of $90,000.00.[3]

---

[1] Petitioner is a competent adult.  No guardianship is required.

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[3] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

<u>s/Voris E. Johnson, Jr.</u>
VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4136

Dated:  October 28, 2020